NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BERNA CANSEVEN, on behalf of herself
and those similarly situated,

              Plaintiff(s),

v.

JUST PUPS, LLC and VINCENT
LOSACCO,

              Defendants.

Civ. No. 15-5633

OPINION

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Remand.  (ECF No. 4).

Defendants oppose.  (ECF No. 10).  The Court has decided the Motion after considering the

parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b).  For

the following reasons, the Court will grant Plaintiff's request for permission to perform

discovery on the jurisdictional issues implicated in Plaintiff's motion.

### BACKGROUND

Plaintiffs originally filed this case in Middlesex County Superior Court on June 8, 2015.

Plaintiff alleges that Defendants sold her a puppy that was unfit for purchase and accepted a

return of that puppy without refunding Plaintiff the full purchase price or compensating her for

the expenses she undertook to provide veterinarian care for the puppy while it was in her

possession.  Plaintiff states her claim under various New Jersey state laws and regulations, and

alleges a class action on behalf of "[a]ll New Jersey resident consumers who purchased a pet

from any Just Pups location in New Jersey at any time on or after the day six years prior to the

1

date this complaint was filed, using some or all of the sales documents and health certificates the same or similar to the sales documents and health certificates used in the transaction with Plaintiff."

On July 17, 2015 Defendants removed this case to this Court on the basis that it is possible that at least one member of the putative class may be a citizen of a state other than New Jersey.

LEGAL STANDARD

The parties agree that the basis of federal jurisdiction in this case is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").  If there is no jurisdictional basis under CAFA, the case must be remanded to state court.  *See* 28 U.S.C. § 1447(c).  The party who has removed the case to federal court bears the burden of establishing subject matter jurisdiction.  *Roche v. Aetna Health, Inc.*, Civ. No. 13-3933(JHR), 2014 WL 1309963, at *2 (D.N.J. March 13, 2014) (citing *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006)).  Jurisdiction will lie under CAFA if the class has over one hundred members, the amount in controversy is over $5,000,000, and at least one plaintiff is a citizen of a different state than any defendant, which is referred to as minimal diversity.  28 U.S.C. § 1332(d)(2).  There is no dispute that that the putative class has over one hundred members and that the amount in controversy is over $5,000,000.   The parties dispute whether there is minimal diversity.

Additionally, there are two statutory exceptions to CAFA jurisdiction: the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), and the "home state" exception, 28 U.S.C. § 1332(d)(4)(B).  Under the local controversy exception, a district court should decline jurisdiction:

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).  Under the home state exception, a district court should deny jurisdiction where "two-thirds of the members of the proposed plaintiff classes in the aggregate, and the primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  A plaintiff seeking remand under either the local controversy exception or the home state exception bears the burden of proving the conditions of those exceptions. *Roche*, 2014 WL 1309963, at *3 (citing *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013)).

ANALYSIS

Defendants' stated grounds for removal are that even if the members of the putative class were New Jersey residents at the time they purchased pets from Just Pups, LLC, at least one class member may now be a citizen of another state.  Defendants also argue that Canseven herself was a citizen of New York at the time the Complaint was filed because, when she purchased a puppy from Just Pups, she used a New York driver's license as her ID.

Defendants' arguments are not persuasive.  Though Defendant is correct that Plaintiff's class definition seems to have conflated the concept of "resident" and "citizen," Defendants'

3

argument that there may be a member of the class who is not currently a New Jersey citizen is too speculative to create minimal diversity on its own.  Additionally, Defendants' focus on the possibility that there may be one member of the putative class who is not a New Jersey citizen ignores the fact that Plaintiff may be able to prove that this case may fall under either the local controversy or home state exception to CAFA jurisdiction if two-thirds of the class members are New Jersey citizens, as it seems that the other elements of those exceptions may be present here: both Defendants appear to be citizens of New Jersey, which is where the case was originally filed, and any injuries to putative class members would have occurred in New Jersey.  At this stage, there is simply not enough information before the Court for it to determine whether these exceptions apply, or even whether CAFA's requirement of minimal diversity is satisfied under Plaintiff's class definition.

Though Defendants point to the fact that Plaintiff used a New York driver's license when purchasing a puppy from Defendant, they admit that Plaintiff alleges she lived with her mother in New Jersey at the time the Complaint was filed, which is when citizenship is assessed for CAFA purposes.  The fact that Plaintiff used a New York driver's license when she purchased a puppy is not dispositive of Plaintiff's citizenship at the time of the filing of the Complaint. Accordingly, Defendants have not, at this stage, met the burden of proving minimal diversity through Plaintiff's own citizenship.

Given that remand may be appropriate because of lack of minimal diversity or application of either the local controversy or home state exception, and that Defendants have not met the burden of proving that federal subject matter jurisdiction lies in this case, it is appropriate to allow the parties to engage in jurisdictional discovery on the question of the citizenship of the putative class members.  *Roche*, 2014 WL 1309963, at *2 ("[T]he Court will permit limited jurisdictional discovery because it is unable to discern from the present record

4

whether remand is proper under the home state exception."); *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 460 (D.N.J. 2007) (noting the Judiciary Committee Report on CAFA stated "a federal court may have to engage in some fact-finding, not unlike what is necessitated by the existing jurisdictional statutes.").

Defendant's objections to Plaintiff's request for jurisdictional discovery are that the information Defendants have on putative class members may be old and would not indicate citizenship; that Plaintiff can obtain the information that Defendants' hold by issuing a survey; and that Plaintiff's discovery requests cannot be clearly frivolous or overly broad, and must be stated with reasonable particularity.  First, the Court notes that to the extent engaging in jurisdictional discovery is burdensome to the Defendants, that is a burden that Defendants took upon themselves by removing Plaintiff's case to federal court.  Second, Defendants own arguments in their Opposition briefs belie the argument that the information they hold on their customers will not assist in determining citizenship: Defendants were able to find out a great deal about Plaintiff by consulting their records on her.  While it is conceivable that a survey or other method may help Plaintiff determine the citizenship of the members of putative class, that reason alone is not grounds for denying Plaintiffs the ability to also seek discovery from Defendants. Lastly, Plaintiff's claims are not clearly frivolous, nor does the Court doubt the ability of the parties to construct, with the aid of the Magistrate Judge, discovery requests that are reasonably particular and not overly broad.

Accordingly, Plaintiff's motion will be granted to the extent that Plaintiff seeks leave to engage in jurisdictional discovery.  The parties shall have two months to perform discovery, after which time Plaintiff may renew her motion for remand.

5

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Remand will be denied, but

Plaintiff's request for permission to conduct discovery will be granted.  An appropriate Order

will follow.


 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.